IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marie L. Brown, | ) | C/A No. 3:12-2674-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Lexington County Health Services District, | ) | |
| Inc., *d/b/a Lexington Medical Center*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Marie L. Brown ("Brown"), filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; 42 U.S.C. §§ 1981 & 1983, and the South Carolina Human Affairs Act, S.C. Code Ann. § 1-13-10 et seq., against her employer, Lexington County Health Services District, Inc. ("Lexington Medical Center"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 9.) The plaintiff filed a response in opposition (ECF No. 13), and the defendant replied (ECF No. 14). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted in part.

**DISCUSSION**

**A.     Motion to Dismiss Standards**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and



may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Moreover, the United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory



statements to state a claim.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir. 2003).

A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment.  E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011).  Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (quoting  Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

**B.     Defendant's Arguments**

The defendant raises four arguments in support of its motion to dismiss Brown's Complaint. For the following reasons, the defendant's motion should be granted as to Brown's claims based on age discrimination, national origin discrimination, and the South Carolina Human Affairs Law.

**1.     Right-to-Sue Letter**

The defendant first argues that the court lacks subject matter jurisdiction because Brown did not allege in her Complaint that she had received or was entitled to a right-to-sue letter.  However,

in opposing Lexington Medical Center's motion on this basis, Brown has produced the right-to-sue letter. Accordingly, the court concludes that it has subject matter jurisdiction over Brown's Title VII claim. Although the defendant argues in Reply that the court nonetheless lacks subject matter jurisdiction because Brown did not specifically plead the existence of the letter in her Complaint, it cites to no authority supporting the notion that such a pleading defect cannot subsequently be cured when the jurisdictional prerequisite in fact exists. Cf. Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768 (stating that in considering a Rule 12(b)(1) motion challenging the factual basis for subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

**2.     Age Discrimination Claim**

Next the defendant argues that Brown has not properly pled a claim of age discrimination. The court observes that Brown's Complaint contains only one passing, indirect reference to age, does not aver facts showing that she is in a protected class based on her age, and makes no mention of the Age Discrimination in Employment Act, expressly relying instead on three federal statutes that cannot support a claim of discrimination based upon age.[1] Accordingly, for the reasons given by the defendant, the court concludes that, as pled, the instant Complaint fails to assert a plausible claim of age discrimination. See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555. The defendant's motion should therefore be granted on this basis unless Brown files a proper motion to amend her Complaint to cure the pleading deficiencies.

---

[1] To the extent Brown's age discrimination claim rests on the South Carolina Human Affairs Law, any such claim fails for the reasons stated below. See infra part B.4.



      **3.**      **National Origin Discrimination Claim**

Lexington Medical Center argues that any claim based on national origin discrimination is untimely. A timeline of Brown's allegations raised to the Equal Employment Opportunity Commission ("EEOC") is necessary to resolve the defendant's motion on this point. Brown filed an initial administrative charge with the EEOC on May 12, 2009, asserting claims of race and age discrimination based on events occurring between March 15-27, 2009 ("2009 EEOC Charge"). On December 14, 2009, Brown amended her charge to add allegations of retaliation ("2009 Amendment"). Then, on June 7, 2010, Brown further amended her administrative charge to assert a claim of national origin discrimination based on events occurring between March 19 and May 21 of 2009 ("2010 Amendment"). Although Brown contends her national origin discrimination claim is timely because it is "like or related" to allegations contained in her 2009 EEOC Charge and therefore relates back to the that initial charge, the law undermines her position.

Before filing suit under Title VII, a plaintiff must exhaust his administrative remedies by bringing a charge with the EEOC. 42 U.S.C. § 2000e-5(f)(1); see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). In the employment discrimination context, courts have interpreted statutory requirements to exhaust administrative remedies to mean that each discrete incident of discriminatory treatment must be administratively exhausted. Martinez v. Potter, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)); Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). "A plaintiff's EEOC charge defines the scope of [his] subsequent right to institute a civil suit." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation

of the original complaint may be maintained in a subsequent lawsuit.  Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred).

"Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge."  Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation marks and citations omitted).  Therefore, a discrimination suit "is limited to discrimination charged in the report to the EEOC or to discrimination actually found by the EEOC upon investigation of the original charge."  Stehle v. Gen. Mills Rest., Inc., 875 F. Supp. 320, 323 (D.S.C. 1994) (Title VII).  When a discrimination claim "exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred.  Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (Title VII).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs.  While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns."  Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 594 (4th Cir. 2012).  The United States Court of Appeals for the Fourth Circuit has recently discussed the parameters for when different unlawful employment practices are considered "reasonably related" to those raised in an administrative charge.  For example, "where both the administrative complaint and formal litigation concerned 'discriminat[ion] in promotions' but involved different aspects of the 'promotional system,'" the charges are



reasonably related and may be advanced in a subsequent civil suit. Id. (quoting Chisholm v. U.S. Postal Serv., 665 F.2d 482, 491 (4th Cir.1981)). Similarly, courts have permitted a claim raised in litigation that was not specifically described in the administrative charge to go forward "where both the EEOC charge and the [federal] complaint included claims of retaliation by the same actor, but involved different retaliatory conduct." Id. (citing Smith, 202 F.3d at 248). On the other hand, when the claim raised in the district court litigation involves a different *form* of unlawful employment practice than the one described in the administrative charge, courts have found the claim not to be administratively exhausted. See, e.g., Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (finding that claims of age, sex, and race discrimination were not exhausted where a charge alleged only retaliation); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132-33 (4th Cir. 2002) (finding that claims of sex and color discrimination were not exhausted where a charge alleged only racial discrimination); Riley v. Tech. & Mgmt. Servs. Corp., Inc., 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (finding that claims of sexual harassment and retaliation were not exhausted where a charge alleged only gender discrimination).

Moreover, in South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)). The failure to file a timely charge with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d

127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court.").

Here, the court observes as an initial matter that Brown's 2010 Amendment does not indicate that the unlawful practice based on her national origin was a continuing action but rather identified the dates of the events giving rise to that claim as occurring between specific dates. See Morgan, 536 U.S. at 113 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."). However, even assuming Brown's national origin claim constitutes a continuing violation as described by the United States Supreme Court in Morgan, Brown's national origin claim indisputably was not asserted within 300 days of any component act contributing to the claim, as Brown's claim of national origin harassment, based on events between March and May of 2009, was not raised to the EEOC until June 7, 2010. See id. at 117-19 (discussing the continuing violation theory and stating that "[g]iven . . . that the incidents constituting a hostile work environment are part of one unlawful employment practice, the employer may be liable for all acts that are part of this single claim. In order for the charge to be timely, the employee need only file a charge within . . . 300 days of any act that is part of the hostile work environment"). Thus, Brown's national origin claim depends on her argument that this claim constitutes a continuing violation that is reasonably related to the claims raised in her timely filed initial charge and relates back to her initial 2009 EEOC Charge. However, as discussed above, courts have recognized that claims asserting discrimination based upon different *forms* of unlawful employment practices are not reasonably related. See, e.g., Evans, 80 F.3d at 963 (holding that "age discrimination does not necessarily flow from sex discrimination and vice versa" and rejecting plaintiff's argument that her age allegations were related to or growing out of the original charge and

therefore a timely amendment where the plaintiff added an age discrimination accusation nearly a year after her gender-only discrimination charge had been pending and more than a year after the alleged discriminatory activity took place).

### 4.      South Carolina Human Affairs Law

Finally, the defendant correctly argues that any claim based on the South Carolina Human Affairs Law is untimely. See S.C. Code Ann. § 1-13-90(d)(6) (providing that the "action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, *whichever occurs earlier*") (emphasis added). Brown does not dispute this, but contends that her statute of limitations should be equitably tolled because she reasonably waited until after the EEOC issued a right-to-sue letter before filing the instant lawsuit. However, South Carolina's doctrine of equitable tolling does not rescue a plaintiff in such circumstances. See Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr., 687 S.E.2d 29, 33 (S.C. 2009) (holding that "equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use").

### RECOMMENDATION

For the foregoing reasons, the court recommends: (1) that the court grant the defendant's motion to dismiss with regard to any claim alleging discrimination based upon national origin or violation of the South Carolina Human Affairs Law; (2) that the court grant the defendant's motion to dismiss with regard to any claim based upon age discrimination, unless the plaintiff files, within the time permitted for filing objections to this Report and Recommendation, a proper motion to amend her Complaint including a proposed amended complaint that states a plausible claim of age

discrimination; and (3) that the court deny the defendant's motion to dismiss based on lack of subject matter jurisdiction with regard to the plaintiff's Title VII claims.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 10, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).