IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marie L. Brown, | ) | C/A No. 3:12-02674-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Lexington County Health Services | ) | |
| District Inc., d/b/a Lexington | ) | |
| Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff Marie L. Brown ("Plaintiff") filed this action against her current employer, Defendant Lexington County Health Services District, Inc. ("Defendant" or "Lexington Medical Center"), alleging that she was discriminated and retaliated against on the basis of race, age, and national origin. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e), et seq; 42 U.S.C. §§ 1981 and 1983; and the South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10, et seq. This matter is before the court on Defendant's partial motion to dismiss, filed on October 15, 2012. ECF No. 9. Plaintiff responded to Defendant's motion on October 31, 2012, ECF. No 13, to which Defendant filed a reply on November 13, 2012. ECF No. 14.

    In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 11, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant in part and deny in part Defendant's partial motion to dismiss. ECF No. 19. Plaintiff

1

filed objections to the Report and Recommendation on July 29, 2013. ECF No. 21. Defendant replied to Plaintiff's objections on August 8, 2013. ECF No. 23.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

In April 1995, Plaintiff, an African-American female, was hired by Defendant as a Phlebotomist III, a position she currently holds. ECF No. 1 at 2. On May 12, 2009, Plaintiff filed a charge of discrimination (the "initial charge") against Defendant with the South Carolina Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC"). ECF No. 9-2 at 2. In her initial charge, Plaintiff alleged claims for race and age discrimination concerning events that occurred between March 15, 2009 and March 27, 2009. Id. On December 14, 2009, Plaintiff amended her initial charge (the "first amended charge") to include allegations of retaliation. ECF No. 9-3 at 2. Plaintiff further amended her charge (the "second amended charge") on June 7, 2010. ECF No. 9-4 at 2. In the second amended charge, Plaintiff alleged a claim of national origin discrimination concerning events that occurred between March 19, 2009 and May 21, 2009. Id. Based upon its investigation of Plaintiff's allegations, SHAC dismissed Plaintiff's charge of discrimination on March 9, 2012. ECF No. 13-1 at 2-3. After reviewing SHAC's determination, the EEOC adopted SHAC's findings and issued Plaintiff a Notice-of-Right-to-Sue letter ("right to sue letter") on June 20, 2012. Id. On September 17, 2012, Plaintiff filed the complaint in this action. ECF No. 1.

---

[1] Defendant's partial motion to dismiss concerns alleged procedural defects in Plaintiff's complaint. Thus, an extensive factual background is unnecessary to resolve the issues before the court.

## II.  STANDARD OF REVIEW

### A.    Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of the Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

### B.    Dismissal for Lack of Jurisdiction Generally

Defendant has moved for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or (2) when the moving party asserts that the "jurisdictional

allegations of the complaint [are] not true." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. Id. In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. Id. The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. Id.

**C.     Dismissal for Failure to State a Claim Generally**

Defendant has moved for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim "tests the sufficiency of a [plaintiff's] complaint . . . ." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a plaintiff must "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" Vitol, S.A. v. Primerose Shipping Co. Ltd., 708 F.3d 527, 543 (4th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). The plaintiff must articulate facts, when accepted as true, that show the plausibility of her entitlement to relief. Glassman v. Arlington Cnty., 628 F.3d 140, 146 (4th Cir. 2010). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

The Supreme Court has held that the pleading standard of Rule 8 of the Federal Rules of Civil Procedure[2] "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). The plaintiff's complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

### III.  DISCUSSION

Defendant contends that Plaintiff's Title VII claims must be dismissed pursuant to Rule 12(b)(1) because (1) Plaintiff failed to plead in her complaint receipt of, or entitlement to, a right to sue letter for her Title VII claims; and (2) Plaintiff did not timely file her national origin discrimination claim. Defendant also argues that Plaintiff's age discrimination claim must be dismissed pursuant to Rule 12(b)(6) and Rule 12(b)(1) because Plaintiff has not properly pleaded a claim of age discrimination. Finally, Defendant argues that Plaintiff's claims under the South Carolina Human Affairs Law are untimely.

In response to Defendant's motion to dismiss, Plaintiff first argues that she received her right to sue letter and has properly exhausted her administrative remedies. Next, Plaintiff asserts that the allegations in her complaint support her age discrimination claim. Plaintiff also argues that her national origin discrimination claim is timely because it is a continuing violation that is "like or related" to the allegations in her initial charge and thus relates back to that initial charge. Finally, Plaintiff argues that her claims under the South Carolina Human Affairs Law should be equitably tolled because she reasonably waited for the EEOC to conduct its investigation and issue a right to

---

[2] A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

sue letter.

**A.      The Magistrate Judge's Report and Recommendation**

First, the Magistrate Judge addressed Defendant's jurisdictional argument under Rule 12(b)(1). With regard to Defendant's argument that Plaintiff failed to plead her receipt of, or entitlement to, a right to sue letter, the Magistrate Judge found that Plaintiff subsequently cured the pleading defect when she produced the right to sue letter in her response to Defendant's partial motion to dismiss. The Magistrate Judge noted Defendant also argued that despite Plaintiff's production of the right to sue letter, subject matter jurisdiction does not exist because Plaintiff did not specifically plead the existence of the right to sue letter in her complaint. The Magistrate Judge found that Defendant cited "no authority supporting the notion that such a pleading defect cannot subsequently be cured when the jurisdictional prerequisite in fact exists." ECF No. 19 at 4. The Magistrate Judge found subject matter jurisdiction exists for Plaintiff's Title VII claims. Accordingly, the Magistrate Judge recommended that Defendant's partial motion to dismiss be denied as to this issue.

Next, the Magistrate Judge addressed Defendant's argument that under Rule 12(b)(1) and Rule 12(b)(6), Plaintiff failed to properly plead an age discrimination claim. The Magistrate Judge observed that Plaintiff made only one indirect reference to age in her complaint; failed to mention the Age Discrimination in Employment Act ("ADEA"); did not provide facts to show she is within a protected class under the ADEA; and relied upon three federal statutes that do not support an age discrimination claim. The Magistrate Judge recommended granting Defendant's partial motion to dismiss with regard to Plaintiff's age discrimination claim unless Plaintiff filed, within the time permitted for filing objections to the Report and Recommendation, a motion to amend her complaint

to cure the pleading deficiencies.

Returning to Defendant's argument under Rule 12(b)(1), the Magistrate Judge addressed Plaintiff's national original discrimination claim. The Magistrate Judge noted that a charge of discrimination must be filed within 300 days of the alleged discriminatory conduct. See Jones v. Calvert Group, Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009). In addition, the Magistrate Judge determined that Plaintiff's claim of national origin discrimination was based on events occurring between March 19, 2009 and May 21, 2009. Plaintiff first asserted her national origin discrimination claim in her second amended charge dated June 7, 2010. Thus, the Magistrate Judge found that Plaintiff's national origin discrimination claim was time barred.

The Magistrate Judge also addressed Plaintiff's contention that her national origin discrimination claim is a continuing violation that is reasonably related to the allegations in her initial timely filed charge, and thus relates back to her initial charge. The Magistrate Judge found that, even assuming Plaintiff's national origin discrimination claim was a continuing violation, it still should have been, but was not, asserted within 300 days of the unlawful employment action. The Magistrate Judge also rejected Plaintiff's assertion that her national origin discrimination claim is reasonably related to the allegations in her initial charge. Citing Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1995), the Magistrate Judge observed that "courts have recognized that claims asserting discrimination based upon different *forms* of unlawful employment practices are not reasonably related." ECF No. 19 at 8. Accordingly, the Magistrate Judge found that Defendant's partial motion to dismiss should be granted as to Plaintiff's national origin discrimination claim.

Finally, the Magistrate Judge found that Plaintiff's claims under the South Carolina Human

Affairs Law are untimely. Specifically, the Magistrate Judge found that Plaintiff failed to bring her claims within one hundred twenty days of the alleged violation. See S.C. Code Ann. § 1-13-90(d)(6). The Magistrate Judge noted that Plaintiff did not dispute the untimeliness of her claims. Rather, Plaintiff argued that the statute of limitations should be equitably tolled because she reasonably waited to file her law suit until after she received her right to sue letter. The Magistrate Judge found that the doctrine of equitable tolling does not apply in these circumstances. Thus, the Magistrate Judge recommended granting Defendant's partial motion to dismiss with regard to Plaintiff's claims under the South Carolina Human Affairs Law.

B.    **Plaintiff's Objections to the Report and Recommendation[3]**

Plaintiff appears to argue that the Magistrate Judge erred in finding that she failed to properly plead an age discrimination claim in her complaint. Plaintiff contends that her complaint provided a general definition of the ADEA. Plaintiff also states that the EEOC enforces the ADEA, and that victims of discrimination may file a charge of discrimination with the EEOC. Plaintiff then states her race and date of birth, and alleges that she is within the ADEA's protected class. Plaintiff asserts that she made more than "conclusory statements in her age discrimination claim." ECF No. 21 at 2. Finally, Plaintiff claims that the Magistrate Judge wants her to "abandon her [a]ge [d]iscrimination action against Defendant." ECF No. 21 at 2.

Plaintiff next contends that the Magistrate Judge should not have found untimely her national origin discrimination claim and her claims under the South Carolina Human Affairs Law. Plaintiff

---

[3] Neither Plaintiff nor Defendant filed objections to the Magistrate Judge's finding that subject matter jurisdiction exists for Plaintiff's Title VII claims. In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

alleges that SHAC did not accurately file the allegations in her initial charge. Plaintiff avers that she was unaware of SHAC's "mistakes in reporting all of [the] charges" until she reviewed SHAC's statements. Id. Plaintiff further contends that because SHAC misled her into believing all of her charges were timely and accurate, Defendant should be estopped from arguing that she failed to exhaust her administrative remedies.

C.     **The Court's Review**

   1.     *Age Discrimination Claim*

The evidence before the court demonstrates that Plaintiff failed to plead a plausible age discrimination claim in her complaint. In the second paragraph of her complaint, Plaintiff claims that during her employment with Defendant she has "been the victim of discrimination due to her race, age and origin." ECF No. 1 at 1. Plaintiff does not reference age discrimination anywhere else in the complaint, nor does she describe an instance of age discrimination. While Plaintiff does describe an incident involving a "younger white employee," ECF No. 1 at 2, she does not allege age discrimination with regard to this incident. Rather, Plaintiff contends that Defendant's investigation of the incident was "racially biased" in favor of the "white" employee. ECF No. 1 at 9.

Further, as the Magistrate Judge correctly concluded, Plaintiff's complaint fails to mention the ADEA specifically or her protected status, and instead relies on three federal statutes that do not support a claim of age discrimination. Also, in her objections, Plaintiff appears to allege her protected status under the ADEA. However, Plaintiff cannot cure her pleading deficiencies by alleging her protected status at this stage in the litigation. Plaintiff had the opportunity to correct her pleadings by filing a proper motion to amend her complaint along with a proposed amended complaint. Plaintiff chose not to. Therefore, Plaintiff's conclusory, unsupported allegation of age discrimination fails to meet the requisite plausibility standard required under federal law. See

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (finding that a complaint must contain sufficient factual details to support a plausible claim for relief). Accordingly, the court grants Defendant's partial motion to dismiss with regard to this issue.

### *2.     National Origin Discrimination Claim*

Plaintiff makes no mention in her objections of her previous arguments in support of her national origin discrimination claim. Instead, Plaintiff argues, for the first time, that SHAC committed various errors that prevented her from timely filing her national origin discrimination claim. In light of SHAC's alleged errors, Plaintiff asserts that "the doctrine of estoppels [sic] is the controlling factor in this matter." ECF No. 21 at 4. In response, the Defendant contends that "arguments raised for the first time in Objections are improper and do not merit de novo review." ECF No. 23 at 6. However, the Fourth Circuit addressed this issue and held that "as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all *arguments* directed to that issue, regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) (emphasis added). Therefore, the court will address Plaintiff's argument.

      a.     Applicable Law

To pursue a Title VII claim in federal court, a plaintiff must first exhaust his or her administrative remedies by filing a charge of discrimination with the EEOC. See Sydnor v. Fairfax County, 681 F.3d 591, 593 (4th Cir. 2012) (citing 42 U.S.C. § 12117(a)). The charge of discrimination must be filed within two possible limitations periods. See 42 U.S.C. § 2000e-5(e)(1). As a general rule, a plaintiff must file the charge of discrimination with the EEOC within 180 days of the alleged discriminatory act. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 (4th Cir. 1998), abrogated on other grounds by Edelman v. Lynchburg Coll., 228 F.3d 503 (4th Cir. 2000),

rev'd on other grounds, 535 U.S. 106 (2002). "However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." Id.

The Supreme Court has held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Generally speaking, equitable tolling is not permitted "where the claimant failed to exercise due diligence" and it does not apply to "garden variety claim[s] of excusable neglect." Irvin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). It is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The doctrine has been applied in two contexts: (1) where "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," and (2) where "extraordinary circumstances beyond plaintiff's control ma[d]e it impossible to file claims on time." Id.; see also Waiters v. Robert Bosch Corp., 683 F.2d 89, 92 (4th Cir. 1982) (finding tolling appropriate where, because of a burglary at the EEOC, plaintiff's file was lost for months and he failed to meet the applicable deadline); Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 320 (4th Cir. 2011) (holding that district court's tolling of the limitations was not an abuse of discretion where plaintiff diligently stayed in contact with her attorney and routinely checked her mail but did not receive the Right to Sue Letter mailed by the EEOC).

      b.    Analysis

As the Magistrate Judge correctly found, Plaintiff did not timely file her national origin

discrimination claim.[4] In her objections, Plaintiff does not contend that Defendant prevented her from timely filing her claim. Thus, Plaintiff must show that extraordinary circumstances beyond her control precluded her ability to file on time. See Harris, 209 F.3d at 330. To meet her burden, Plaintiff makes various unsupported allegations against SHAC. Plaintiff's allegation that her "continuing communication" with SHAC led her "to believe that all of her charges were timely," ECF No. 21 at 2, lacks any supporting details. Moreover, there is no evidence to support Plaintiff's assertion that she "was not aware" of SHAC's error's until she "reviewed" the statements of SHAC's investigator. Id. Rather than demonstrating circumstances beyond her control, Plaintiff's naked assertions suggest that she is at least partly responsible for the delay. Plaintiff had numerous opportunities to review her charge and amend it within the required time limitations. Indeed, Plaintiff timely filed her retaliation claim in her first amended charge, yet she failed to include her national origin discrimination claim. Nearly six months after the first amended charge and over a year after the initial charge, Plaintiff, for the first time, alleged national origin discrimination in her second amended charge. Based upon the few details Plaintiff has provided, the court cannot conclude that SHAC prevented her from timely filing her national origin discrimination claim. Plaintiff has failed to establish facts that warrant equitable tolling of the 300-day filing period. Accordingly, the court grants Defendant's motion to dismiss with regard to this issue.

### 3.     *South Carolina Human Affairs Law*

Taking the same approach as she did with regard to her national origin discrimination claim, Plaintiff does not mention in her objections her previous argument in support of her claims under

---

[4] Plaintiff filed her national origin discrimination claim 383 days after the alleged discriminatory conduct. Thus, Plaintiff failed to meet the 300-day filing deadline.

the South Carolina Human Affairs Law.[5]  Rather, Plaintiff appears to rely upon the same argument noted above, that because SHAC's errors prevented her from timely filing her claim, equity requires that she be allowed to proceed with her claim.

        a.      Applicable Law

Under the South Carolina Human Affairs Law, an "action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, which ever occurs earlier." S.C. Code Ann. § 1-13-90 (d)(6). "'Where a statute sets a limitation period for action, courts have invoked the equitable tolling doctrine to suspend or extend the statutory period to ensure fundamental practicality and fairness.'" Hooper v. Ebenezer Sr. Servs. and Rehab. Ctr., 687 S.E.2d 29, 32 (S.C. 2009) (quoting Rodriguez v. Superior Court, 176 Cal. App. 4th 1461, 1471 (2009)) (internal quotation marks omitted). A plaintiff "claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." Id. (citing Ocana v. Am. Furniture Co., 135 N.M. 539, 546 (2004)). "Equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." Id. at 33.

        b.      Analysis

As the court explained above, Plaintiff failed to produce sufficient facts to justify equitable tolling. Therefore, the court grants Defendant's motion to dismiss as to this issue.

---

[5] Because Plaintiff presents only new arguments in her objections to support her national origin discrimination claim and her claims under the South Carolina Human Affairs Law, the court is not required to conduct a de novo review of those portions of the Magistrate Judge's Report and Recommendation that addressed Plaintiff's prior arguments. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has throughly reviewed the record and applicable law and agrees with the Magistrate Judge's conclusion.

## IV.  CONCLUSION

Upon careful consideration of the entire record, the court agrees with the recommendation of the Magistrate Judge.  Defendant's partial motion to dismiss is **GRANTED** with respect to Plaintiff's (1) age discrimination claim; (2) national origin discrimination claim; and (3) claims under the South Carolina Human Affairs Law.  Defendant's partial motion to dismiss is **DENIED** with respect to Plaintiff's Title VII discrimination and retaliation claims.  The case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
September 27, 2013